"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE L. McGINTY,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF THE SOCIAL<br>SECURITY ADMINISTRATION,<br><br>    Defendant. | Case No. EDCV 06-190 AN<br><br>ORDER AFFIRMING DECISION OF<br>COMMISSIONER |

The Court now rules as follows with respect to the five disputed issues in the Joint Stipulation ("JS").[1]

By way of the first issue, Plaintiff principally contends a reversal is warranted because, in his post-remand 12/15/05 decision, the Administrative Law Judge ("ALJ") did not give proper reasons for discounting the opinion expressed by Dr. Umakanthan, which is set forth in the medical source statement that Dr. Umakanthan signed and dated August 9, 2005. [AR 453-54.] However, the Court finds this argument lacks merit for the reasons stated by the Commissioner at pages 5:17 to 10:7 of the JS. The ALJ's 12/15/05 decision establishes that he principally rejected Dr. Umakanthan's opinion

---

[1] Both parties have consented to proceed before the undersigned Magistrate Judge. In accordance with the Court's Case Management Order, the parties have filed the JS and seek a dispositive order regarding the disputed issues set forth in the JS. The Court's decision is based upon the pleadings, the Administrative Record ("AR"), and the JS.

Page 1

1  because it was brief, conclusory, inconsistent with Dr. Umakanthan's own clinical
2  findings and conservative treatment, and conflicted with medical opinions expressed by
3  the consulting and examining physicians. [AR 20.]  These are specific and legitimate
4  reasons for discounting Dr. Umakanthan's aforementioned opinion. *Magallanes v.*
5  *Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (holding that an ALJ is not required to accept
6  a treating physician's opinion that is "brief and conclusionary in form with little in the
7  way of clinical findings to support [its] conclusion.").  By way of his reply contention,
8  Plaintiff also claims the ALJ failed to comply with the Appeals Council's remand order
9  that directed the ALJ to recontact Dr. Umankanthan for additional evidence or obtain a
10 clarification of his opinion. [JS at 10:8-18.]  The reply contention lacks merit.  The
11 Appeals Council issued its remand order on April 7, 2005. [AR 71-74.] Dr. Umakanthan
12 issued his medical source statement on August 9, 2005, and it constitutes the additional
13 evidence <u>or</u> purported clarification of his prior opinion that the Appeals Council directed
14 the ALJ to obtain.  [AR 543-54.]   The Appeals Council's 2/10/06 order affirming the
15 ALJ's 12/15/05 decision establishes that it found the ALJ complied with its prior remand
16 order by obtaining and considering Dr. Umankanthan's 8/9/05 medical source statement.
17 [AR 5-7.]

18      The Court finds the second, third, and fourth disputed issues are not persuasive for
19 the reasons set forth in the Commissioner's opposing contentions at pages 12:7-16, 14:5-
20 15:2, and 16:6-17:5 of the JS.

21      By way of the fifth disputed issue, Plaintiff principally contends a reversal is
22 warranted because the ALJ did not properly rate the degree of Plaintiff's functional loss
23 resulting from mental impairments.  However, the ALJ's 12/15/05 decision establishes
24 the ALJ considered Plaintiff's mental impairments and rated the severity of the resulting
25 functional loss in a manner that was consistent with the applicable regulations.
26 Specifically, the ALJ's decision reflects that he found Plaintiff's depression did not cause
27 Plaintiff to suffer from any marked restriction in three of the four functional areas
28 (activities of daily living; social functioning; concentration, persistence, or pace), and that

Plaintiff did not have "any repeated episodes of deterioration or decompensation that would cause him to withdraw from a situation" with respect to the fourth functional area (episodes of decompensation). [AR 21.] The ALJ's decision further establishes that his findings were principally based upon Dr. Taylor's opinion and findings that Plaintiff's depression only caused him to be "mildly impaired" in these areas, and that the ALJ expressly accepted and adopted Dr. Taylor's aforementioned findings and opinion. [AR 19.] Although the ALJ's decision establishes that he may not have expressed his findings in the precise manner required by the regulations, the Court finds the ALJ's findings generally comport with what the regulations require and, when viewed against the totality of the circumstances and record, any departure constitutes a harmless error. *See Lewis v. Astrue*, --- F.3d ----, 2007 WL 2325018 (9th (Cal.); amended opinion filed August 16, 2007) (holding ALJ's error in failing to list Plaintiff's bursitis at Step 2 was a harmless error where the ALJ proceeded to discuss and consider Plaintiff's bursitis at Step 4).

IT IS THEREFORE ORDERED that judgment be entered affirming the Commissioner's final decision, and dismissing this action with prejudice.

DATED: August 28, 2007

/ s /
ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE